UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NATIONAL STAFFING
SOLUTIONS, INC.,

        **Plaintiff,**

v.                                                                      Case No: 6:23-cv-1693-WWB-EJK

JAIRO ARMSTRONG,

        **Defendant.**

**ORDER**

This cause comes before the Court on the Parties' Joint Motion for Approval of Settlement (Doc. 58), filed April 19, 2024.

This is an FLSA case. *See generally* 29 U.S.C. §§ 201–209. The parties filed a Joint Motion to Approve FLSA Settlement and Dismissal with Prejudice (Doc. 58) (the "Motion"). On April 19, 2024, the parties consented to the jurisdiction of the undersigned United States Magistrate Judge for purposes of considering the Motion and, thus, granting the relief requested therein. (Doc. 59.) The presiding District Judge approved that consent. (Doc. 60.)

Since the proposed settlement involves a compromise of Counter-Plaintiff's and opt-in Counter-Plaintiffs' FLSA counterclaims for overtime wage compensation, it is incumbent on the Court to review the reasonableness of the proposed settlement. *See Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). Having reviewed the proposed settlement (Doc. 58-1), the Court requires further explanation

regarding the non-incitement clause, which states: "Furthermore, the Parties agree not to encourage or incite anyone, including current or former employees of National, to assert complaints, claims or charges against National, Mr. Armstrong, or the Opt-In Plaintiffs." (*Id.* at 14.) For this provision, Counter-Plaintiff and opt-in Counter-Plaintiffs will receive separate consideration of $150.[1]

The parties assert in their Motion that this provision is fair and reasonable in light of the additional consideration being paid, relying on *Comandini v. Greystone Healthcare Management Corp.*, No. 8:19-cv-3101-TPB-JSS, 2021 WL 1724911, at *3 (M.D. Fla. Apr. 8, 2021). (Doc. 58 at 13.) *Commandini*, in turn, relied on another Middle District of Florida case, *Pavlosky v. Winghouse XI LLC*, No. 6:12-cv-1711-Orl-28TBS, 2014 WL 12868917, at *4 (M.D. Fla. Apr. 22, 2014), *report and recommendation adopted*, 2014 WL 12867027 (M.D. Fla. Apr. 23, 2014). In *Pavlosky*, the court approved an FLSA settlement agreement containing a non-incitement clause with respect to *non-FLSA claims only*, which was supported by separate consideration. *Pavlosky*, 2014 WL 12868917, at *4. In that context, the court found the inclusion of the provision in the settlement agreement to be "meaningless." *Id*. ("The Agreements also provide for confidentiality, non-disparagement and non-incitement with respect to non-FLSA claims. The only claims asserted in the amended complaint are for alleged violations of the FLSA, so the inclusion of these provisions appears to be meaningless.")

---

[1] Cherisse Sandoval is the lone exception to this and will receive $100 in consideration for the non-incitement clause. (Doc. 58-1 at 8.)

Here, despite the additional consideration supporting the non-incitement provision, the provision itself appears to "impermissibly frustrate[] implementation of the FLSA," *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010), by prohibiting the settling employees from notifying other employees of the company's potential FLSA violations, thus decreasing the likelihood that other impacted employees will seek redress under the FLSA. Thus, *Pavlosky* is unpersuasive here because the provision the Court is evaluating relates to the FLSA claims. Likewise, *Comandini* is unpersuasive for the same reason, as the court relied solely on *Pavloski* in finding that the non-incitement clause in that case was enforceable since it was supported by separate consideration. *Comandini*, 2021 WL 1724911, at *3. The Court appreciates that Counter-Defendant has made a good faith argument that Counter-Plaintiff and Opt-In Counter-Plaintiffs were exempt from FLSA coverage. Nevertheless, absent a compelling argument for the non-incitement clause's presence here, the Court cannot find the Agreement to be fair and reasonable.

Accordingly, it is **ORDERED** that the Motion (Doc. 58) is **TAKEN UNDER ADVISEMENT**. The parties may file supplemental briefing in support of the non-incitement clause or a revised settlement agreement, if necessary, **on or before July 1, 2024**.

**DONE** and **ORDERED** in Orlando, Florida on June 17, 2024.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE