UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NATIONAL STAFFING
SOLUTIONS, INC.,

      **Plaintiff,**

v.                                   Case No: 6:23-cv-1693-WWB-EJK

JAIRO ARMSTRONG,

      **Defendant.**

## ORDER

This cause comes before the Court on the Parties' Joint Motion for Approval of Settlement (Doc. 58), filed April 19, 2024. The Court ordered additional briefing on June 17, 2024, which the parties filed June 26, 2024. (Docs. 61, 62.)

This is an FLSA case. *See generally* 29 U.S.C. §§ 201–209. The parties filed a Joint Motion to Approve FLSA Settlement and Dismissal with Prejudice (Doc. 58) (the "Motion"). On April 19, 2024, the parties consented to the jurisdiction of the undersigned United States Magistrate Judge for purposes of considering the Motion and, thus, granting the relief requested therein. (Doc. 59.) The presiding District Judge approved that consent. (Doc. 60.)

Since the Settlement Agreement (Doc. 58-1) involves a compromise of Counter-Plaintiff's and opt-in Counter-Plaintiffs' FLSA counterclaims for overtime wage compensation, it is incumbent on the Court to review the reasonableness of the proposed settlement. *See Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350

(11th Cir. 1982). On June 17, 2024, the Court entered an Order taking the Motion under advisement to allow the parties to file a revised settlement agreement or additional briefing, due to the inclusion of a non-incitement provision related to FLSA claims. (Doc. 61.) On June 26, 2024, the parties filed a Joint Response requesting that the Court either approve the Settlement Agreement as it stands, or modify the incitement provision to restrict it to apply to non-FLSA claims only. (Doc. 62.) The undersigned will take the latter course.

Having reviewed the Settlement Agreement (Doc. 58-1) and the Joint Response (Doc. 62), and the cases cited therein, the undersigned remains of the opinion that the non-incitement clause "impermissibly frustrates implementation of the FLSA," *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010), by prohibiting the settling employees from notifying other employees of the company's potential FLSA violations, thus decreasing the likelihood that other impacted employees will seek redressal under the FLSA. Therefore, by agreement of the parties, the Court will modify paragraph 26 of the parties' Settlement Agreement, pursuant to the severance clause in paragraph 17, as follows:

> Furthermore, the Parties agree not to encourage or incite anyone, including current or former employees of National, to assert *non-FLSA* complaints, claims or charges against National, Mr. Armstrong, or the Opt-In Plaintiffs.

Otherwise, the Court finds that the proposed Settlement Agreement, as modified, is a reasonable compromise of a bona fide dispute between the parties represented by competent counsel. *See Lynn's Food Stores, Inc. v. United States,* 679 F.2d

1350 (11th Cir. 1982). The Court finds that the agreed-upon fees and costs to be paid to counsel were determined independently, did not affect the payment to Counter-Plaintiff and opt-in Counter-Plaintiffs, and otherwise appear to be reasonable. *See Bonetti v. Embarq Mgmt. Co.*, Case No. 06:07-CV-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009).

Accordingly, it is **ORDERED** that Paragraph 26 of the parties' Agreement (Doc. 58-1 ¶ 26) is **MODIFIED** as set forth herein. The Parties' Joint Motion for Approval of Settlement (Doc. 58) is **GRANTED**. The Agreement, with the modification set forth above, is **APPROVED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to close the case.

**DONE** and **ORDERED** in Orlando, Florida on July 22, 2024.

*[Signature]*

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE